PARTRIDGE V. EATON.

*Water-course — rights of riparian owner — Statutory construction — Laws of 1872, chapter 273.*

The only rights vested in the owner of lands through which a stream flows, are those of a riparian owner, and a statute which declared a stream a public highway, and provided for the compensation of riparian owners (Laws of 1872, chap. 273), *held,* to embrace the owners of the stream by a grant thereof from the former riparian owners.

APPEAL by plaintiff from a judgment in favor of defendant, in an action tried at the special term.

The action was brought by Charles Partridge against Albert C. Eaton, to restrain defendant from floating logs on Otter creek. The facts were these: In 1869, plaintiff, who was the owner of lands upon said Otter creek, purchased from the representative of the estate of Lyman R. Lyon, and others, a tract of land on the same creek. In the deed conveying these lands was this: "The said Partridge has the right to use the stream called Otter creek, that runs through the tannery lot, for the purpose of floating logs, timber, lumber, and the products (through said lot), and to improve and deepen said stream; and also the right to make a canal (through said lot), and roads, and other modes of transportation, and to keep and maintain them, and have the full use of them," etc.

The tannery lot was between the lands purchased by plaintiff and a tract also owned by plaintiff, on which there was a saw-mill. After plaintiff had made the purchase mentioned, defendant purchased lands from the Lyon estate lying along said Otter creek, between the plaintiff's lot purchased from said estate and plaintiff's mill.

Subsequent to plaintiff's purchase he made improvements on the stream, expending a considerable sum of money thereupon. After the improvements were made, defendant put logs in the stream where it crossed his land, for the purpose of floating logs to a saw-mill belonging to him situated on the stream below plaintiff's mill. In March, 1872, plaintiff commenced this action. On the 18th of April, 1872, an act was passed by the legislature declaring Otter creek a public highway. Laws 1872, chap. 273.

Such other facts as are material appear in the opinion.

*Dewey & Talcott* and *Geo. W. Smith,* for appellant, as to the rights of the plaintiff in the stream, cited *Wilson* v. *Troup,* 2 Cow. 228 ; *Bradley* v. *W. A. & G. S. P. Co.,* 13 Peters, 97 ; *Griffiths* v. *Hardenbergh,* 41 N. Y. 464 ; *Bridger* v. *Pierson,* 45 id. 604 ; *French* v. *Carhart,* 1 id. 96, 102 ; *Goodtitle* v. *Way,* 1 Term R. 735 ; *Baxter* v. *Browne,* 2 Wm. Blacks. 973 ; *Doe* v. *Ries,* 21 Eng. C. L. 261 ; *Morgan* v. *King,* 35 N. Y. 460 ; *Munson* v. *Hungerford,* 6 Barb. 265 ; *Curtis* v. *Keeler,* 14 id. 511 ; Bouvier's Law Dict. "Riparian Proprietor ; " Angell on Water-courses, 510 ; *Weber* v. *Harbor Commissioners,* 18 Wall. 57.

*E. S. Merrell* and *C. D. Adams,* for respondent.

TALCOTT, J. This suit is instituted upon the claim and for the purpose of establishing in the plaintiff an exclusive right to use Otter creek for the purpose of transporting logs and lumber through a certain portion of said creek, including a portion which runs through about 8,000 acres, lying on either side of the creek, and of which 8,000 acres the defendant is the owner. The plaintiff founds his claim upon a supposed grant from certain parties who formerly owned the land on both sides of the stream. The grant, however, upon which the plaintiff bases his claim, does not purport to convey any such exclusive right or any right inconsistent with the rights of other owners of the lands bounding on the creek. The questions arising upon the construction of the plaintiff's grant, and

upon another paper, which he claimed to be a license, we think, however, have ceased to be of any importance, as the legislature, by an act passed in April, 1872, have declared the said Otter creek and its tributaries in the counties of Lewis and Herkimer to be a public highway for the purpose of floating logs and lumber thereon, and made numerous and careful provisions for the regulation of the use of the stream, as such public highway. That this act, if valid, vests the rights specified in the public, and supersedes any exclusive right in any one party, if any such had before existed, cannot be denied. There can be no doubt that the legislature has the power to appropriate, by force of its own enactment, any flowing stream to the use of the public, as a highway, provided suitable provisions are contained in the act, to secure to private parties a just compensation for the individual rights, which by the appropriation may have been divested, infringed upon, or impaired. The only objection suggested to the act in question is, that the only provision for compensation is for the payment of damages to riparian owners. And the plaintiff claims rights, under his grant, more extensive than those that result to him from his riparian ownership of such portion of the lands owned by him, as border upon the creek. But the parties under whose grant he claims had no rights to the stream, other than such as vested in them under the rules of law as riparian owners. The right to the use of flowing water is "*publici juris*," and common to all riparian proprietors. It is a right to the flow and enjoyment of the water, subject to a similar right in all the proprietors. Angell on Water-courses, § 95. The grantors of the plaintiff, whatever they may have assumed to do, could not grant to him any rights except those limited ones which vested in them as riparian owners, because they had no more extensive rights themselves. He is, therefore, in any point of view, the mere representative and grantee of the riparian owners, and as such we think is embraced within the description of " riparian owners on said creek," which is contained in the act, and is to be liberally construed for the purpose of determining to whom the legislature designed compensation should be made. As to all rights to which the plaintiff, at the time of the passage of the act of 1872, was lawfully entitled, beyond those which accrued to himself as a riparian owner, if any, we think he was entitled to receive a just compensation, under the act, as the lawful representative in the premises of his grantors.

The complaint of the plaintiff, that the commissioners appointed under the act did not award him sufficient compensation, is not in any manner before us for consideration.

The judgment is affirmed, with the costs of appeal.

*Judgment affirmed.*